Judge Buckner,
delivered the opinion of the court.
An execution in favor of Wilhite, having issued against' Sidebottom and others, was levied by the Sheriff upon a female slave, claimed, by Mary Orr. She was sold, and the appellant purchased her;
About two years afterwards, he filed his bill in chan•cery, against J. D. Alexander, in his individual capacity, and as administrator of said Mary, and against ■John B. Orr and R. H. Orr, alleging that he made the *394 purchase of said slave, at the price of $197 50 cents, on a credit of two years, under an understanding between the defendants and said Nary and himself, that he should not be disturbed in his title to said slave, and that they would redeem her, by paying to him, in a reasonable time thereafter, whatever he might give for her. He alleges also, that after the sale, this understanding or agreement was confirmed, the defendants and said Mary Orr, again promising him, to redeem said slave; notwithstanding which, the defendants uniting witn others the sons and sons in-law of Mrs. Orr, since her death, had commenced an action of detinue against him, to recover the slave or her value. He prays for a decree in his favor for the amount of the price which he gave for her, against Alexander as administrator of said Mary, if he had assets sufficient to pay it; if not for a decree against the defendants individually.
A promises B, “that if he will purchase a slave which is to be sold under execution, he will take the slave, from him at whatever price he may give for him B accordingly purchases the slave at sale under the execution but A refuses to perform his promise ; B’s remedy is exclusively at law, for the breach of promise.
By an amended hill, he charges that he made the purchase of the slave, for the benefit of the defendants and said Mary, in pursuance of an express agreement, entered into, between them and himself, that he should purchase her fo r them; and retain the possession of her, as a pledgeto secure the payment of the price. That he accordingly made the purchase and kept possession of her until her death, which occurred, since the filing of his original bill.
The defendants by answer, deny the allegation, and upon a final hearing of the cause, the circuit court dismissed the hill with costs. To reverse the decree, Ber-ryman prosecutes this appeal.
The depositions read on the trial show, that Mary Orr, at the time of the sale, expressed considerable anxiety, that the appellant should purchase the slave, and permit her to redeem her, using her language, by paying to him, whatever he should give for her.
There was proof also, that she and two of the defendants said, they had agreed to redeem the slave,by paying to the appellant, the amount, at which he had purchased her. But there was no proof, supporting the allegations of the amended hill, that he liad purchased the slave, for the defendants and Mary Orr. Indeed that statement seems to conflict with the allegations of the original hill, in which he says, they promised, that *395 in case he should make the purchase, he should not be disturbed, in his title, &c.
Haggin and Chinn, for appellants; Denny, for ap" pellees.
The most favorable construction of the evidence, for the appellant, warrants the conclusion only, that the defendants and Mrs. Orr, promised if he would purchase the slave to take her from him, at whatever price he might give for her. For the violation of such a promise his remedy was exclusively at law.
The decree of the circut court must be affirmed with costs.